Dale C. Schian (Bar No. 010445)
dale.schian@gknet.com
Kortney K. Otten (Bar No. 032128)
kortney.otten@gknet.com
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
*Attorneys for Secured Creditor First
Business Specialty Finance, LLC*

Email for electronic service and court
Documents: bkdocket@gknet.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Arizona Partsmaster, LLC, AKA AZP Multifamily,<br><br>Debtor. | Case No. 2:23-bk-05092-PS<br><br>Chapter 7<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>**(Contract Rights and Inventory)** |
| FIRST BUSINESS SPECIALTY FINANCE, LLC,<br><br>Movant,<br><br>v.<br><br>Arizona Partsmaster, LLC, AKA AZP Multifamily,<br><br>Respondent. | |

Creditor First Business Specialty Finance, LLC ("**FBSF**") files its *Motion for Relief from the Automatic Stay* ("**Motion**") in the above-captioned debtor's ("**AZP**") case seeking

to, *inter alia*, lift the 11 U.S.C.[1] § 362 automatic stay with respect to FBSF's collateral, as described herein. This Motion is supported by the following Memorandum of Points and Authorities, the attached Exhibits, the docket entries cited herein, and the relevant record in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION & VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) as it relates to the administration of the AZP estate. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief requested herein is sought pursuant to 11 U.S.C. §§ 105, 361, 362, and 363, and Fed. Bankr. R. P. 2002, 4001, 6004, 7062, and 9014, and Rules 2002-1, 4001-1, and 6004-1 of the Local Rules of this Bankruptcy Court.

### II. BACKGROUND

3. FBSF is AZP's primary secured lender. AZP owes approximately $11 million in secured debt to FBSF, and, AZP has pledged collateral valued at approximately $33 million to FBFS based on a loan agreement (and subsequent amendments thereto) executed by AZP and FBSF on July 30, 2021 (with the First and Second Amendments, collectively, the "**Loan Agreement**"). *See* Loan Agreement at "**Exhibit A**," attached hereto.

4. The Loan Agreement provides FBSF with a perfected security interest in all of AZP's personal property and assets, including, without limitation, all inventory and accounts receivables ("**Collateral**"). *See Declaration of Mark Buchert in Support of Plaintiff's Application for Appointment of Receiver Without Notice* [DE 7-1] ("**Buchert Decl.**") at ¶ 4. And *see* UCC-1, attached hereto as "**Exhibit B**."

---

[1] Unless otherwise noted, all references to Code sections herein are to the U.S. Bankruptcy Code under Title 11.

5. On or about June 28, 2023, FBSF was informed that Cortland Management, LLC and Cortland Improvements, LLC, affiliates of AZP (collectively, "**Cortland**"), and AZP's largest customer, had requested that assets and inventory, with an estimated value worth up to approximately $10,000,000.00, be removed from AZP's warehouses. Buchert Decl. ¶ 9.

6. AZP's records reflect that Cortland received bulk shipments inventory subject to FBSF's perfected security interest.

7. The bulk shipments to Cortland were *outside* of AZP's ordinary course of business, and, the inventory shipped *remains* subject to FBSF's security interest.

8. On July 10, 2023, AZP informed FBSF that it was unable to continue in business and that it would cease operations. AZP also informed FBSF that it would stop paying FBSF on its loan.

9. AZP has been and remains in violation of the terms of the Loan Agreement by failing to comply with certain financial and other covenants and obligations and has committed numerous Events of Default under the Loan Agreement. *See generally*, Buchert Decl. and at ¶¶ 6 -7.

10. On July 28, 2023, this case was commenced by an involuntary petition ("**Petition Date**").

11. On August 25, 2023, an order for relief was entered in the involuntary Chapter 11 case [DE 62].

12. On September 11, 2023, the Court converted the Chapter 11 case to a Chapter 7 case [DE 96]. The Trustee was appointed at the time of conversion.

13. Cortland filed proofs of claim ("**POC**") numbers 154 and 155 (jointly, "**Cortland Claims**"). *See* Claims Register. The Cortland Claims assert claims in the collective amount of $10,983,326.59.

14. The Cortland Claims assert a right of setoff against AZP for deposits. *See id*.

15. Cortland previously asserted ownership claims of unidentified AZP inventory located in the State of Georgia.

16. The Cortland Claims do not identify any inventory in which Cortland claims an interest. Neither Cortland POC includes any documents to evidence any interest in inventory, whether in Georgia or elsewhere.

17. Cortland has not produced any documentation to establish that it paid in full for any specific inventory that it did not receive.

18. The AZP books and records reflect that Cortland has not paid in full for any specific inventory in the possession of AZP.

## III. LAW AND ARGUMENT

### A. The Court Should Lift the Stay Pursuant to §§ 362(d)(1), (2), and 362(f)

FBSF's has a perfected secured interest in all of AZP's personal property and assets, including inventory, equipment, accounts receivables, bank accounts, and other cash collateral ("**Collateral**").[2] By this Motion, FBSF moves the Court to lift the stay expressly

---

[2] The Loan and Security Agreement, dated July 30, 2021, provides:

"Collateral" shall mean and include all personal property and assets of Debtor, including, but not limited to, all of the following, whether now owned or existing or hereafter created or acquired, wheresoever located, together with all additions and accessions and all proceeds and products of the following, including, without limitation, cash, goods, deposit accounts, negotiable instruments and other instruments for the payment of money, chattel paper, rights to payment of money, security agreements or other documents, and all proceeds of credit or other forms of insurance coverage on any of the following, and all books and records pertaining to any of the following:

(1) all of Debtor's Accounts, and all rights, title or interest in any other real or personal property represented by or securing the same, and all of Debtor's rights as an unpaid vendor or lienor, including stoppage in transit, replevin or reclamation and any other items of real or personal property in which Debtor has granted or may in the future grant a lien or security interest to Lender hereunder or in any supplement hereto or otherwise;

(2) all supporting obligations, including all guarantees, mortgages on real or personal property, leases or other agreements or property securing or relating to any of the items referred to in clause (1) of this definition of "Collateral" or acquired for the purpose of securing and enforcing any of such items

(3) all of Debtor's Inventory;

4

as pertaining to Cortland and its affiliates, entities, representatives, principals, directors, officers, agents, and employees, to enforce FBSF's rights in or to:

(1) all contract rights and accounts receivable ("**A/R**");

(2) inventory in the Atlanta warehouse location and in third-party facilities in Georgia ("**Georgia Inventory**");

(3) inventory subject to the FBSF security interest removed by Cortland in derogation of the FBSF security interest ("**Removed Inventory**").

---

(4) all of Debtor's general intangibles, including, without limitation, all goodwill, Intellectual Property Rights, customer lists, supplier lists, franchises, all of Debtor's interests in and rights to domain names and web sites and all rights and interests related thereto, tax refund claims and all other contract rights and chooses in action;

(5) all of Debtor's instruments, including promissory notes, and all of Debtor's documents;

(6) all of Debtor's investment properly;

(7) all of Debtor's deposit accounts;

(8) all of Debtor's machinery, equipment, motor vehicles of any nature and description, furniture and fixtures and all assets which are classified by Debtor as fixed assets for accounting purposes or which should be classified as fixed assets in accordance with generally accepted accounting principles;

(9) all of Debtor's leases, rents, issues and profits;

(10) all of Debtor's life insurance policies and their cash surrender values;

(11) all of Debtor's letter of credit rights and letters of credit;

(12) all of Debtor's post office boxes and all of Debtor's rights in connection therewith;

(13) all computer and other data processing hardware, all software programs, whether owned, licensed or leased, and all documentation for such hardware and software;

(14) all of Debtor's books and records pertaining to any of the foregoing, however produced, reproduced or recorded, including, but not limited to, books and records stored or maintained on any type of computer and/or data processing system or equipment (including, but not limited to, all related discs, tapes, printouts and media); and

(15) all sums on deposit in the Collateral Account,
*Id. 2-3.*

All three subjects of stay relief are collectively referred to herein as the "**Property**".

### 1. Contract Rights and Accounts Receivable

#### i. *Contract Rights and Causes of Action*

AZP assigned all of its contract rights to FBSF, including any claims arising out of contract. *See* Loan Agreement at p.3 (4) (". . . tax refund claims and ***all other contract rights and chooses in action***;" Emphasis added). As such, FBSF seeks stay relief as to potential causes of action on third-party assignments and contract claims, including all assigned rights in contract that the AZP estate may have.

#### ii. *Accounts Receivable*

AZP's A/R is also a subset of contract claims assigned in addition to being a part of FBSF's Collateral. FBSF requests stay relief to enforce AZP's A/R obligations. Currently, Cortland and its affiliates (persons and entities), owe millions of dollars to AZP for services and products that AZP previously provided, but that Cortland failed to pay for. Because FBSF has a perfected security interest in AZP's A/R, FBSF is the only proper party to pursue and collect those obligations to satisfy AZP's debt to FBSF.

The Cortland Claims allege a right to setoff amounts it owes to AZP against Cortland's deposits with AZP. But a right of setoff is *not* enforceable against FBSF's perfected security interests in AZP's A/R where a party with an alleged setoff right, like Cortland here, has notice of the assignment of those rights. A.R.S. § 47-9404(A).[3]

---

[3] 47-9404. Rights acquired by assignee; claims and defenses against assignee
A. Unless an account debtor has made an enforceable agreement not to assert defenses or claims, and subject to subsections B through E, the rights of an assignee are subject to:
1. All terms of the agreement between the account debtor and assignor and any defense or claim in recoupment arising from the transaction that gave rise to the contract; and
2. Any other defense or claim of the account debtor against the assignor that accrues before the account debtor receives a notification of the assignment authenticated by the assignor or the assignee.
B. Subject to subsection C and except as otherwise provided in subsection D, the claim of an account debtor against an assignor may be asserted against an assignee under subsection A only to reduce the amount the account debtor owes.
C. This section is subject to law other than this chapter that establishes a different rule for an account debtor who is an individual and who incurred the obligation primarily for personal, family or household purposes.
….

Cortland not only had notice of the assignment of its rights, but it also executed a subordination agreement. *See* Subordination Agreement attached hereto as "**Exhibit C**."

## 2. Georgia Inventory

FBSF requests stay relief as to the Georgia Inventory to permit it to be sold in a commercially reasonable manner consistent with the inventory stored in Phoenix and Dallas.

The stay has been modified with respect to the Georgia Inventory, but, unlike inventory in Phoenix and Dallas, any sale of that inventory must be approved by this Court. *See* DE 139 (*Stipulation For Use Of Cash Collateral, Lease Rejections And Limited Stay Relief*), DE 151 (*Second Interim Order Approving Stipulation For Use Of Cash Collateral, Lease Rejections And Limited Stay Relief*), DE 180 (*Final Order Approving Stipulation for Use of Cash Collateral, Lease Rejections and Limited Stay Relief* ["**Final Order on Stay Relief**"]). The Final Order on Stay Relief requires FBSF to seek this Court's authority to sell/dispose of the Georgia Inventory and thus, FBSF is properly before the Court now requesting such relief.

The Final Order on Stay Relief was entered on an expedited basis to permit FBSF to administer the inventory and to relieve the estate of rent and other administrative expenses that were unlikely to benefit any creditor other than FBSF. Cortland objected asserting that it claimed an ownership interest in certain of the Georgia Inventory. Since the stay was modified, FBSF has collected, insured, and preserved the inventory, including the Georgia Inventory. FBSF has solicited and is in the process of receiving third-party offers for the inventory; however, most bidders seek to acquire the inventory in all three locations. Therefore, the different approval process attributable to the Georgia Inventory may have

the effect of delaying the sale of inventory in Phoenix and Dallas. The rents to store the inventory at those three locations exceed $120,000 per month.[4]

Since the Final Order on Stay Relief was entered, Cortland has provided <u>no</u> documentary evidence to show that it has paid in full for anything. The Cortland Claims have been filed. The Cortland Claims do not claim any interest in inventory in AZP's possession.

The landlords for the Phoenix, Dallas, and Atlanta facilities are eager to recover possession and relet those facilities. FBSF has agreed to deliver possession of the Phoenix facility to the landlord by March 1. All three landlords have requested return of their properties by that date and FBSF is working to accommodate those requests. Unless a sale is approved earlier, granting FBSF the right to include the Georgia Inventory in a commercially reasonable sale of the inventory will promote those efforts.

### 3. <u>Removed Inventory</u>

FBSF seeks stay relief as to causes of action against Cortland and its affiliates in the broadest sense, as delineated above. *Supra* 5:1-3. Cortland was authorized to purchase materials/inventory from AZP in the ordinary course of business. Around April 2023, Cortland commenced requesting bulk shipments of AZP inventory *not* in the ordinary course of business. Those efforts accelerated after Cortland obtained a *Written Consent of the Members of the Board of Managers of Arizona Partsmaster, LLC* ("**Consent**"). A copy of the Consent is attached hereto as "**<u>Exhibit D</u>**". The Consent appointed Steven DeFrancis as "President of CASK Industries, and in so doing in control of [AZP's] construction and renovation product sourcing, manufacturing and logistics business line (the '<u>CASK</u>

---

[4] This portion of the Motion may be moot by the time the Motion is heard. FBSF anticipates filing a motion to sell the Georgia Inventory on an expedited basis but includes the relief in this request in case that does not transpire.

Business Unit'). . . ." Consent at 2. Mr. DeFrancis is Cortland's founder and Chief Executive Officer.[5]

To the extent that Cortland received materials and/or inventory outside of the ordinary course of business, the shipments violated FBSF's security interest. The conversion of inventory in violation of the FBSF security interest results in claims by FBSF that are independent of any claims held by the Trustee. Such causes of action are not property of the estate nor subject to the automatic stay. Nevertheless, to dispel any doubt and clearly distinguish between claims that may be asserted by FBSF and others held by the estate, FBSF requests that the order expressly include authority for FBSF to pursue its claims against Cortland.

### B. Entitlement to Relief

Pursuant to § 362(d), FBSF is entitled to relief on two grounds: (1) for cause, including lack of adequate protection of FBSF's interest in the Collateral and Property, and the fact that it continues to decline in value, and (2) AZP has no equity in the Collateral and Property, and it is not necessary for an effective reorganization because AZP is not reorganizing, it is liquidating its estate in a Chapter 7. *See In re Sedona San Carlos Development Co.,* 59 B.R. at 114 (granting relief from the automatic stay where debtor lacked any equity in the property and did not provide adequate protection to the creditor).

The stay remained in place for the Contract Rights and Accounts Receivable, but the estate's rights in those assets are subject to Cortland's claim of setoff. FBSF is not subject to that defense.

The stay has been modified with respect to the Georgia Inventory, but cause exists to permit it be sold for the greatest amount achievable, which may require that it be sold *with* the Phoenix and Dallas inventory. The stay should be modified to permit that to occur.

---

[5] https://cortland.com/meet-the-team/ (last visited Dec. 15, 2023).

The claims associated with the Removed Inventory are not property of this estate, nor does the stay apply to those claims. However, the Trustee also asserts claims against Cortland. The Removed Inventory is included as part of this request to clearly delineate between the estate's claims against Cortland and those of FBSF.

A creditor is entitled to relief from the automatic stay under § 362(d)(1) "for cause, including the lack of adequate protection." *See also In re Dunn*, 2010 WL 6451888, at *9 (9th Cir. B.A.P. Feb. 4, 2010) ("In relevant part, § 362(d)(1) enables a creditor to obtain an order terminating the automatic stay to pursue foreclosure proceedings against estate property "for cause.").

Further, pursuant to § 362(f), "the court shall grant such relief from the stay [] as is necessary to prevent irreparable damage to the interest of an entity in property. . . " "Section 362(f) empowers the bankruptcy court to grant ex parte relief from the stay in exceptional circumstances." *Noli v. C.I.R.*, 860 F.2d 1521, 1525 (9th Cir. 1988). The circumstances here qualify for such relief due to the irreparable diminution of FBSF's Collateral and Property and the substantial costs associated with maintaining the Collateral and Property, including rent and insurance of the Collateral. Delay in liquidating the Georgia Inventory and in pursuing Contract, A/R, and other claims against Cortland does not benefit the estate or FBSF.

Thus "cause" exists for the Court to terminate the automatic stay with respect to FBSF's Collateral and the Property under § 362(d)(1). Lifting the stay so that FBSF can marshal its Collateral and Property and efficiently dispose of it to recoup its secured indebtedness owed by AZP, is appropriate here.

### IV. <u>REQUEST FOR RELIEF</u>

For the reasons set forth herein, FBSF respectfully requests the Court:

1) Lift all stays without limitation, including injunctions, restraining orders, and the automatic stays provided by §§ 362 and 524 applicable to the Property and its Collateral

be vacated to permit FBSF and its agents and representatives to take any and all actions necessary to enforce its claim to and assert its ownership rights to the Property and its Collateral under the subject Loan Documents, including under nonbankruptcy law, to declare all sums to be immediately due and payable, and to obtain possession of the Collateral and Property and act against it as FBSF sees appropriate.

2) Permit FBSF to immediately act on the Property and Collateral without having to wait 14 days from the date of an order, as otherwise required under Rule 7062. Good cause exists for this due to the fast depreciation of the Property and Collateral and the substantial expenses that are currently accruing, which FBSF is paying and has been paying.

3) Grant the relief requested herein pursuant to § 362(f) for the reasons stated herein and without the need for a hearing.

## V. CONCLUSION

For the reasons set forth herein, FBSF requests entry of an order lifting all stays against lien enforcement, and, permitting FBSF to proceed against the Property and its Collateral immediately to reduce the diminution in value that it is experiencing. Notice pursuant to LR 4001-1(b) and (c) including to the Trustee, Debtor, and Cortland will be made upon the filing of this Motion. FBSF respectfully requests the Court grant this Motion and permit FBSF to proceed against its Collateral and take action with respect to the Property. As such, FBSF requests that the Court enter an order in the form attached hereto as "**Exhibit E**."

RESPECTFULLY SUBMITTED this 15th day of December 2023.

                 GALLAGHER & KENNEDY, P.A.

                 By: /s/ *Kortney K. Otten*
                    Dale C. Schian
                    Kortney K. Otten
                    2575 East Camelback Road
                    Phoenix, Arizona 85016-9225
                    *Attorneys for Secured Creditor First Business Specialty Finance, LLC*

Filed and served this 15th day of December 2023,
via the Court's CM/ECF filing system
and a copy of the foregoing via email
to the following:

| | |
|---|---|
| Edward K. Bernatavicius<br>Office of the U.S. Trustee<br>230 North First Ave., #204<br>Phoenix, AZ 85003-1706<br>Edward.k.bernatavicius@usdoj.gov<br>*Attorney for U.S. Trustee Lashinsky* | Tobey M. Daluz<br>Margaret A. Vesper<br>BALLARD SPAHR LLP<br>919 N. Market St., 11th Floor<br>Wilmington, DE 19801-3034<br>daluzt@ballardspahr.com<br>vesperm@ballardspahr.com<br>*Attorneys for The Chemours Company, FC, LLC* |
| Thomas E. Littler, Esq.<br>341 W.Secretariat Dr.<br>Tempe, AZ 85284<br>telittler@gmail.com<br>*Attorney for Creditors Diversitech Corporation, Inc, Thomas Tech Fabric, LLC, Tradecycle Capital, LLC* | Christopher H. Bayley<br>James G. Florentine<br>Snell & Wilmer L.L.P.<br>1 E. Washington St., Suite 2700<br>Phoenix, AZ 85004<br>cbayley@swlaw.com<br>jflorentine@swlaw.com<br>*Attorneys for Arizona Partsmaster, LLC* |
| Katherine E. Anderson<br>BALLARD SPAHR LLP<br>1 East Washington St., Suite 2300<br>Phoenix, AZ 85004<br>andersonke@ballardspahr.com | |

12

Case 2:23-bk-05092-PS Doc 242 Filed 12/15/23 Entered 12/15/23 15:32:51 Desc
Main Document Page 12 of 13

| | | |
|---|---|---|
| 1 | Dean G. Rallis, Jr.<br>Hahn & Hahn LLP | Kyra E. Andrassy<br>Smiley Wang-Ekvall, LLP |
| 2 | 301 East Colorado Blvd., Ninth Floor<br>Pasadena, CA 91101 | 3200 Park Center Drive, Suite 250<br>Costa Mesa, CA 92626 |
| 3 | drallis@hahnlawyers.com<br>jevans@hahnlawyers.com | kandrassy@swelawfirm.com<br>*Attorneys for Whitecrow Inc.* |
| 4 | *Attorneys for Pioneer Industries, Inc.* | |
| 5 | Adam B. Nach<br>Kristofer McDonald | Alan A. Meda<br>Burch & Cracchiolo P.A.<br>1850 N. Central Ave., Suite 1700 |
| 6 | LANE & NACH, P.C.<br>2001 E. Campbell Ave., Suite 103 | Phoenix, AZ 85004<br>ameda@bcattorneys.com |
| 7 | Phoenix, AZ 85016<br>adam.nach@lane-nach.com | *Attorneys for Receiver* |
| 8 | kristofer.mcdonald@lane-nach.com<br>*Attorneys for Waypoint Business Park,* | Wells Fargo Vendor Financial Services,<br>LLC |
| 9 | *LLC and*<br>*Palmer Distribution Services. Dba* | c/0 A Ricoh USA Program<br>Bankruptcy Administration |
| 10 | *Palmer Logistics* | P O Box 13708<br>Macon, GA 31208-3708 |
| 11 | James B. Reed<br>Udal Shumway PLC | Bankruptcy@Leasingconnection.com |
| 12 | 1138 N. Alma School Road, Suite 101<br>Mesa, AZ 85201 | Annette Jarvis<br>Craig M. Waugh |
| 13 | jbr@udallshumway.com<br>*Attorneys for Rugby Holdings, LLC* | Greenberg Traurig, LLP<br>222 South Main Street, Suite 1730 |
| 14 | | Salt Lake City, Utah 8411<br>jarvisa@gtlaw.com |
| 15 | Anthony F. Pusateri<br>Quarles &l Brady LLP | craig.waugh@gtlaw.com |
| 16 | Renaissance One<br>Two North Central Avenue | *Attorneys for Creditor Icon IPC Property*<br>*Owner Pool 6 West/Southwest, LLC* |
| 17 | Phoenix, AZ 85004-2391<br>anthony.pusateri@quarles.com | Palmer Distribution, LLC, dba Palmer |
| 18 | *Attorneys for Whirlpool Corporation* | Logistics<br>c/o Don C. Fletcher, Esq. |
| 19 | | Fletcher Barnes Law, PLC<br>10429 South 51st Street, Suite 225 |
| 20 | | Phoenix, AZ 85044<br>dfletcher@fletcherbarneslaw.com |
| 21 | | *Attorneys for Creditor Palmer*<br>*Distribution Services, LLC,* |
| 22 | | *dba Palmer Logistics* |
| 23 | /s/      Jo Magallanes<br>9760323v7/41705-0001 | |
| 24 | | |
| 25 | | |
| 26 | | |